**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

January 14, 2022

LETTER TO COUNSEL:

     RE:    *Melvin B. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
           Civil No. TJS-20-2928

Dear Counsel:

On October 9, 2020, Plaintiff Melvin B. petitioned this Court to review the Social Security Administration's final decision to deny his claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 15 & 18.[1] These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Melvin B. filed his applications for disability benefits on January 25, 2018. Tr. 13. He alleged a disability onset date of June 2, 2017. *Id.* His applications were denied initially and upon reconsideration. *Id.* Melvin B. requested an administrative hearing and a hearing was held on November 13, 2019, before an Administrative Law Judge ("ALJ"). Tr. 61-84. In a written decision dated December 17, 2019, the ALJ found that Melvin B. was not disabled under the Social Security Act. Tr. 13-29. The Appeals Council denied Melvin B.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Melvin B.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R.§§ 404.1520, 416.920. At step one, the ALJ found that Melvin B. has not engaged in substantial gainful activity since June 2, 2017, the alleged onset date. Tr. 15. At step two, the ALJ found that Melvin B. suffers from the following severe impairments: degenerative disc disease with radiculopathy, osteoarthritis, trigger finger of the fifth fingers, and status post rotator cuff repair of the bilateral shoulders. *Id.* At step three, the ALJ found Melvin

---

[1] The motion for summary judgment docketed at ECF No. 14 was filed in error and will be denied as moot.

[2] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On November 30, 2021, it was reassigned to me.

B.'s impairments, separately and in combination, do not meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 17. The ALJ determined that Melvin B. retains the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant can occasionally push or pull with the bilateral upper extremities. The claimant can frequently climb ramps and stairs, balance, stoop, and kneel. He can occasionally crawl and crouch. He can also frequently reach overhead and laterally, handle, finger, and feel with the bilateral upper extremities. He can never climb ladders, ropes, or scaffolds.

Tr. 18.

At step four, the ALJ determined that Melvin B. is unable to perform past relevant work. Tr. 27. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Melvin B. can perform, including inspector, school bus monitor, and bakery worker. Tr. 28. Accordingly, the ALJ found that Melvin B. was not disabled under the Social Security Act. Tr. 29.

Melvin B. argues that this case must be remanded for further proceedings because (1) the ALJ did not provide a narrative discussion that explained how the evidence supported the ALJ's conclusions; (2) the ALJ did not perform a function-by-function assessment of the claimant's work-related abilities; (3) the ALJ did not explain how the claimant would be able to perform work on a full-time basis, eight hours per day, five days per week; and (4) the ALJ did not properly evaluate the claimant's subjective complaints. None of these arguments have merit.

Melvin B. first argues that the ALJ failed to provide a narrative discussion stating how the evidence of record supported each conclusion and that the ALJ failed to perform a function-by-function assessment of the claimant's work-related abilities. ECF No. 14-1 at 9-11. Every conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). An ALJ must consider all of a claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019) (internal quotation marks and citation omitted). In doing so, the ALJ must provide "a narrative discussion describing how the evidence supports each conclusion." SSR 96-8P, 1996 WL 374184 at *7 (July 2, 1996). Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). An ALJ need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Reid v. Comm'r of Social Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

The ALJ's decision contains a detailed discussion of the evidence of record, including the claimant's subjective reports of his condition over time, the claimant's reported daily activities,

treatment notes containing observations of the claimant's condition over time, the results of consultative examinations, and medical opinions. In addition to summarizing the evidence and explaining the weight that the ALJ assigned to it, the ALJ also explained how the evidence translated into the ALJ's RFC determination. Contrary to Melvin B.'s argument, the ALJ's explanation is sufficient for this Court to conduct its review. Because the ALJ explained how the ALJ weighed and considered the evidence, and because the ALJ's findings are supported by substantial evidence, the Court rejects Melvin B.'s arguments on these points.

Melvin B. argues that the ALJ did not explain how he would be capable of performing work on a full-time basis. ECF No. 15-1 at 9. In assessing RFC, the ALJ must discuss a claimant's "ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule)," and must "describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record." SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Contrary to Melvin B.'s argument, the ALJ did just that in this case. In connection with the ALJ's detailed discussion of the evidence, and after citing the relevant regulations and policy interpretation ruling, *see* Tr. 15, 18-27, the ALJ made a determination of the work activities that the claimant can perform on a full-time basis. The ALJ's RFC determination is supported by substantial evidence, including the opinions of the consultative examiners regarding the work activities that the claimant can perform on a regular and continuing basis. *See* Tr. 18-27, 519, 706. Melvin B.'s argument does not provide a basis for remand.

Melvin B. argues that the ALJ did not properly evaluate his subjective complaints. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. *Id.* §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. Id. To evaluate a claimant's statements, the ALJ must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029 (S.S.A. March 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors— to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Social Security Administration*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* A claimant is entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Melvin B.'s subjective complaints. The ALJ first found that Melvin B.'s severe impairments could reasonably be expected to produce his alleged symptoms. The ALJ then proceeded to consider Melvin B.'s allegations in concert with the other evidence in the record, including Melvin B.'s statements about his symptoms over time, reports that Melvin B. refused to cooperate, grossly exaggerated his symptoms, and did not give good effort during his consultative examinations, and the objective evidence in the record. In considering the totality of the evidence, the ALJ explained his finding that Melvin B.'s statements about the severity of his symptoms could not be completely reconciled with other persuasive evidence. Weighing all of the evidence, the ALJ found that Melvin B.'s impairments are not disabling, and that Melvin B. can perform work with the limitations contained in the RFC. The ALJ's decision in this regard is supported by substantial evidence.

Melvin B.'s disagreement with the ALJ's consideration of the evidence essentially amounts to an argument that the Court should evaluate the evidence in the record de novo. But the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. Accordingly, Melvin B.'s argument to the contrary must be rejected.

For the reasons set forth herein, Melvin B.'s Motion for Summary Judgment (ECF No. 15) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 18) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge